IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| RICHARD DAVIS, | ) | Case No. | 3:05-cv-689-DRH |
| JEFFREY S. HASS, | ) | | 3:05-cv-690-DRH |
| NATHAN H. NIPPS, | ) | | 3:05-cv-693-DRH |
| GREGORY C. SESSION, | ) | | 3:05-cv-694-DRH |
| LESLIE WHITTINGTON, | ) | | 3:05-cv-698-DRH |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| PURDUE PHARMA COMPANY, THE, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**ORDER**

This matter is before the Court on the Motions to Reset Trial Date and Assign Case to Track C filed by the Plaintiffs in the above captioned cases on February 10, 2006. For the reasons set forth below, the Motions are **DENIED**.

**BACKGROUND**

On September 27, 2005, the Plaintiffs in the above cases, and five other related cases, filed Complaints against identical Defendants. In light of the similarity between the cases, and those filed in 2004, this Court issued an order regarding the scheduling of these cases on December 16, 2005. That order left it to the parties to develop and submit a master schedule in the 10 cases and to stagger the trial dates of each case by 90 days (which is the same procedure that was used in the cases filed in 2004). In response to that order, on January 13, 2006, the parties submitted a Joint Proposed Master Schedule which contained staggered trial dates beginning in August, 2007 and ending in November, 2009. Notably, Plaintiffs' counsel, Gary L. Payne, signed the Joint Proposed Master Schedule prior to its submission to this Court. Each of these proposed schedules were entered in the 10 cases.

## DISCUSSION

Federal Rule of Civil Procedure 26(f) provides that the parties must confer in order to "develop a proposed discovery plan." Rule 16(b) further provides that the Court shall enter a scheduling order after submission of a discovery plan that sets forth the various deadlines in the case, including discovery deadlines, pretrial conferences, and trial. The Local Rules in this District provide for greater specificity: Local Rule 16.1(a) states that "the judicial officer to whom a case is assigned for trial will, in his or her discretion, assign a presumptive trial date to the case" based on a certain track.

In this motion, the Plaintiffs assert that these cases should be assigned a track, namely Track C, and that the trials in each of these cases should be set 15 to 18 months after the Answers were filed. In support of their motions the Plaintiffs assert: "In conflict with the requirements of Local Rules and without affording Plaintiff an opportunity to be heard, the Court set the Plaintiff's case for November 2009."[1] The Plaintiffs go on to argue that these cases are no different than any other personal injury/products liability case, that scheduling cases for trial 24 or more months after the Defendants have appeared is inconsistent with the Civil Justice Expenses and Delay Reduction Plan and the Civil Justice Reform Act of 1990, that there is no reasonable argument why these cases should be staggered at 90 day intervals, that "the current schedule is deficient in that it does not address if one or more of the plaintiffs dismisses a case," and that evidence may be lost because of the extended time period until trial.

Contrary to the Plaintiffs' assertions, they did in fact participate in the scheduling of these cases and affirmatively agreed to the schedules that ultimately were entered by the Court.

---

[1] This is just an example – in each motion, the trial date is necessarily different.

By signing the Joint Master Schedule in these cases, the Plaintiffs essentially agreed that they had conferred with the Defendants and reached mutually agreeable trial dates. Therefore, the Plaintiffs' argument that a schedule has been imposed without their input is wholly without merit. Moreover, their additional contention that a track must be set by the trial judge is equally without merit. While the Local Rules anticipate the setting of a track in all cases filed in this district, the operative language of Local Rule 16.1 leaves the setting of a track to the discretion of the trial judge. United States District Judge David R. Herndon, in his discretion, opted to not set tracks in these cases and to use the staggered approach that the parties previously had found to be acceptable in the 2004 cases.[2]

The Plaintiffs' remaining arguments are equaling unavailing and do not reveal that there has been an abuse of discretion. The Plaintiffs point to two statutes and a 1992 case from the District of Delaware. The Plaintiff does not explain how this Court's schedule specifically violates either of the statutes or how a District of Delaware case would be of any authority in this district. Second, while the Plaintiffs' cases may not be different from any other personal injury/products liability cases, each of these cases have been assigned to one District Court Judge who already has a significant case load. The staggered schedule in this case is not just dependant on the parties schedules, but also in the Court's ability to timely analyze and dispose of the motions that may be filed in these cases. Finally, the fact that certain cases may be dismissed or that certain evidence may be unavailable are equally unavailing arguments. The Court assumes that the parties in this case will conduct discovery in a manner consistent with

---

[2] A quick review of the 2004 cases filed in this district reveal that the Plaintiffs in those cases were also represented by the same attorneys who represent the Plaintiffs in the 2005 cases.

Federal Rules of Civil Procedure 11 and 37. The Court expects the parties to timely comply with discovery requests and to proceed with litigation in these cases in a manner that does not unnecessarily delay these proceedings or result in the loss of evidence. If the Plaintiffs believe that the Defendants are stalling matters in a manner inconsistent with the Rules, they may file the appropriate motions in the appropriate cases. Finally, if the parties are ready to proceed to trial sooner than the scheduled trial date, they may file an appropriate motion and the Court may, at its discretion, reset the trial date.

In these cases the Plaintiffs actively participated in scheduling matters. The Plaintiffs agreed to the dates contained in the Joint Master Schedule. The Plaintiffs have offered no meritorious reason why the schedules in these cases should be adjusted especially in light of their agreement thereto.

## CONCLUSION

For the foregoing reasons, the Motions to Reset Trial Date and Assign Case to Track C filed by the Plaintiffs in the above captioned cases on February 10, 2006 are **DENIED**.


**DATED: February 14, 2006**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
